# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

| | |
|---|---|
| TINISHA PRICE, | 2:17-cv-00755-JCM-VCF |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| vs. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter involves Plaintiff Tinisha Price's appeal from the Commissioner's final decision denying Price's social security benefits. Before the Court is Price's Motion for Reversal and/or Remand (ECF No. 16) and the Commissioner's Cross-Motion to Affirm (ECF No. 23). For the reasons stated below, the Court recommends denying Price's motion to reverse or remand and granting the Commissioner's motion to affirm.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

1

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). This means such relevant "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014).

If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

In this case, the Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process in 20 C.F.R. § 404.1520. The ALJ concluded Price did not engage in substantial gainful activity during the relevant timeframe. (ECF No. 15-1 at 28). The ALJ found Price suffered from medically determinable severe impairments consisting of schizophrenia, bipolar disorder, and substance abuse disorder, but the impairments did not meet or equal any listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 28-29). The ALJ concluded Price retained the residual functional capacity to perform a full range of work at all exertional levels, but "she is limited to simple tasks, typical of

unskilled work, with no production, rate, [or] pace work." (*Id.* at 30). A vocational expert testified that an individual with these limitations could perform the work of a linen room attendant, auto detailer, kitchen helper, price marker, mail clerk, and order caller. (*Id.* at 34). The ALJ found that Price was not under a disability as defined in the Social Security Act. (*Id.*).

Price challenges this finding. Price argues the ALJ mischaracterized the findings of Dr. Franco and Dr. Brode, which "resulted in an implicit rejection of the[ir] opinions…and ultimately renders the ALJ's step five findings invalid." (ECF No. 16 at 6-8). The Commissioner argues the "ALJ's findings here were proper and supported by substantial evidence." (ECF No. 23 at 5-7).

**I.      Dr. Franco and Dr. Brode's Opinions**

Dr. Franco was the medical/psychological consultant for Price's initial disability determination in July 2015. (ECF No. 15-1 at 97, 101). Dr. Franco found that Price's ability to understand, remember, and carry out "very short and simple instructions" was "[n]ot significantly limited," but her ability to understand, remember, and carry out "detailed instructions" was "[m]oderately limited." (ECF No. 15-2 at 4-5). Under the "MRFC-Additional Explanation" section, Dr. Franco wrote, "simple 1-2 step work…can sustain [concentration/persistence/pace] for the usual day/week w[ith] the customary work breaks; can adapt accordingly." (*Id.* at 6). The determination concluded that Price was not disabled and could work as a swatch clerk, collator operator, or laundry worker. (*Id.* at 7-8).

Dr. Brode was the medical/psychological consultant for Price's disability determination reconsideration in January 2016. (ECF No. 15-2 at 25, 31). Dr. Brode "agree[d] the prior determination for [simple repetitive tasks] … is reasonable." (*Id.* at 31). Dr. Brode reached identical conclusions as Dr. Franco regarding Price's ability to understand, remember, and carry out instructions and had an identical description in the "MRFC-Additional Explanation" section. (*Id.* at 32-33). The determination also concluded that Price was not disabled. (*Id.* at 35-36).

3

## II. ALJ's Findings

In evaluating Price's residual functional capacity, the ALJ stated both Dr. Franco and Dr. Brode "opined that the claimant was capable of understanding, remembering, and carrying out <u>at least</u> simple, 1-2 step tasks." (ECF No. 15-1 at 32, emphasis added). The ALJ gave the doctors' opinions "great weight." (*Id.*).

Price argues "[b]ecause both doctors are experts in the disability evaluation process, and both doctors specifically stated" that Price could perform simple 1-2 step instructions in "the residual functional capacity section of their opinions, then the only logical inference is that both doctors opined that Ms. Price can perform <u>at most</u> simple one- to two- step work." (ECF No. 16 at 7, emphasis added). The Commissioner argues that the "ALJ appropriately found Drs. Franco and Brode concluded Plaintiff could, at a <u>minimum</u>, handle one or two step tasks." (ECF No. 24 at 5).

The difference between whether Price can perform "at most" or "at least" 1-2 step instructions is relevant due to the Reasoning Level of the work the ALJ found that Price could perform. Each of the jobs mentioned by the ALJ in his determination is assigned a Reasoning Level of at least 2, which requires workers to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." (ECF No. 16 at 9). Reasoning Level 1, the lowest level, requires workers to "[a]pply commonsense understanding to carry out simple one- or two-step instructions." (*Id.*). None of the jobs listed by the ALJ is assigned a Reasoning Level 1.

The Court finds there is sufficient evidence in the record to support the ALJ's determination that Price was capable of performing "at least" 1-2 step instructions. The initial disability determination involving Dr. Franco concluded that Price could work as a swatch clerk, collator operator, or laundry worker. (ECF No. 15-2 at 7-8). Each of these jobs are assigned a Reasoning Level 2. DICOT 222.587-050; DICOT 208.685-010; DICOT 361.684-014. While listing these potential jobs was not Dr. Franco's

4

specific duty, the medical/psychological consultant is required to "collaborate as [part of] the adjudicative team" and "[r]eview determinations to ensure their integrity." Social Security Program Operations Manual System DI 24501.001(A), (B)(3)(d). Dr. Brode "agree[d] the prior determination for [simple repetitive tasks] … is reasonable." (ECF No. 15-2 at 31). "Simple repetitive tasks" is a term of art generally coinciding with Reasoning Level 2. *See Turner v. Berryhill*, No. 15-16265, 2017 WL 2814436, at *2 (9th Cir. June 28, 2017); *Goldstein v. Colvin*, No. 2:13-CV-00095-GMN, 2014 WL 3919732, at *4 (D. Nev. Aug. 12, 2014). This evidence tends to show that 1-2 step instructions was not the highest level Price could perform.

Evaluating the context surrounding Dr. Franco and Dr. Brode's findings regarding "simple 1-2 step work," there is sufficient evidence to support the ALJ's determination that Price was capable of performing "at least" 1-2 step instructions. The Court acknowledges that the phrase "simple 1-2 step work" used by both doctors could also support a finding that the doctors meant Price could perform at most 1-2 step instructions. However, the standard of review requires affirming the ALJ's decision if the evidence supports more than one interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

ACCORDINGLY,

IT IS RECOMMENDED that Price's Motion for Reversal and/or Remand (ECF No. 16) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 23) be GRANTED.

DATED this 4th day of December, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE